UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ROBERT L. SPANN, JR.,**           ) | |
|                                       ) | |
|            **Plaintiff,**           ) | |
|                                       ) | |
|            v.                              ) | **CAUSE NO. 3:07-CV-0351 AS** |

**ELIZABETH HURLEY, St. Joseph County Deputy Prosecutor, CHARLES HARTSELL, and PATRICA SISK,**

          **Defendants.**

*OPINION AND ORDER*

Robert Spann, a prisoner confined at the Miami Correctional Facility, submitted a complaint pursuant to 42 § 1983 naming St. Joseph County Deputy Prosecutor Elizabeth Hurley, Charles Hartsell, and Patrica Sisk as defendants. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Spann is serving sentences for dealing in cocaine or a narcotic drug and for child molesting. Deputy Prosecutor Hurley prosecuted him for child molesting, Charles Hartsell testified against him at trial, and Patrica Sisk apparently was the person who initially provided the information that caused the child molestation charges to be brought against him.

According to the complaint, Deputy Prosecutor Hurley and defendant Hartsell "work[ed] out a a deal for Hartsell to testify . . . [against him] . . . by providing Hartsell all the information needed to testify at the trial " (Complaint at p. 4). Mr. Spann alleges that defendant Hartsell has stated that "Hurley wanted Robert Spann, Jr., real bad [but] that she had nothing on him," (Complaint at p. 4), so she provided Mr. Hurley with false information to use in his testimony. He alleges that the defendants violated his right to a fair trial, resulting in his conviction for charges of which he was innocent.

Mr. Spann asserts that he is innocent of the child molestation charges for which he was convicted and is serving time, and that he has been wrongfully convicted as a result of acts of the defendants. But if, as here, the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Mr. Spann seeks only damages from the defendants. But this court may not award him damages for being wrongfully convicted of crimes without concluding that he was innocent of the charges against him and was improperly convicted of these charges because of the defendants' actions. Accordingly, *Heck v. Humphrey* requires that Mr. Spann first obtain a finding or judgment setting aside his conviction before he can bring this claim in a § 1983 action.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court **DISMISSES** this complaint without prejudice to the plaintiff's right to refile his damage claim if he can obtain reversal of his conviction on direct appeal or can get it expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus .

**IT IS SO ORDERED.**

**ENTERED**: August 6, 2007

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
